**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2016-403

DECEMBER TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| Sarah M. Rabtoy | } | |
| | } | DOCKET NO. 1213-11-16 Rdcr |
| | } | |
| | | Trial Judge: Cortland Corsones |

In the above-entitled cause, the Clerk will enter:

Defendant Sarah M. Rabtoy appeals a condition of her release imposed by the Rutland Criminal Division that precludes her from contact with her four children unless such contact is either by telephone and with the permission of the children's biological fathers, or approved by the Family Division. For the reasons set forth below, we affirm.

The relevant facts are as follows. Defendant is a caregiver to her four children, who range in age from three to twelve. On the evening of October 29, 2016, the defendant called the police to report that the man she was living with had assaulted her and refused to leave. She claimed no injuries and did not want medical attention. Upon their arrival at defendant's residence, the police spoke with the man involved, who was outside. He reported that he and defendant were arguing and defendant had grabbed a small kitchen knife and attempted to cut him. He stated that he had grabbed defendant by her wrists and pushed her away. He told police that defendant then grabbed his work apron and threw it outside. At that point, he reported, he left the residence. He also told police that defendant threatened to cut him every time the two fought. And finally, he told police that "Rabtoy had stated she was going to cut the children's throats and call the cops to commit suicide by cop." He had a small cut on his right hand.

The police also spoke with defendant, who reported that the man she was living with wanted to borrow money from her and, when she refused, he became angry and took her apartment key. Defendant reported that he returned a few minutes later, and she demanded her key back. She stated that he then pushed her on to the couch and placed his hands on her neck. The police did not see any visible marks or injuries on defendant.

While the police were speaking with defendant, defendant's mother arrived on the scene and spoke with an officer. Defendant's mother told the officer that defendant had called her and said that she "feels like she wants to take a knife and slash each one of her kid's throats, call the

police and have them shoot her." Defendant's mother also reported that defendant called her twice more screaming that she was going to jail.

Defendant was involuntarily transported from the scene to the Rutland Regional Medical Center where she received treatment. She was discharged on November 3, 2016, and has engaged in outpatient mental health therapy once per week since her discharge.

Defendant was charged with simple assault pursuant to 13 V.S.A. § 1023(a)(3), which provides that "[a] person is guilty of simple assault if he or she . . . attempts by physical menace to put another in fear of imminent serious bodily injury." The trial court held an arraignment on the charge on November 3, 2016, and defendant was released with conditions, including a condition that she have no contact either with the alleged victim or with her own four children except that she was permitted to contact the children by telephone if she had the permission of the children's fathers.

On November 22, 2016, the trial court, at defendant's request, held a hearing to review the no-contact provision of defendant's conditions of release. The trial court declined to strike the no-contact provision but instead added another exception that permitted defendant to have contact with her children if she obtained an order from the Family Division permitting such contact. Defendant then filed this appeal, arguing, as she did below, that public safety did not require the no-contact condition because she had no criminal record and her children were not the alleged victims of the misdemeanor charge, and that the trial court lacked the authority to grant a condition of release that took away her fundamental right to parent. This Court held a telephone hearing with attorneys for the State and defendant on December 1, 2016.

Our review of a conditions of release order is governed by 13 V.S.A. § 7556(b), which provides that any conditions of release order "shall be affirmed if it is supported by the proceedings below." In this case, the no-contact condition imposed on defendant is supported by the evidence and limited record below. When establishing conditions of release, a trial court must impose the least restrictive conditions necessary to reasonably assure protection of the public. Id. § 7554(a)(2). The statute lists several kinds of conditions that a trial court may impose, including placing a defendant in someone else's custody, restricting travel and associations, and requiring a defendant to participate in a drug or alcohol treatment program. Id. § 7554(a)(2)(A)-(C).

The condition imposed here fits squarely within the kinds of conditions a trial court may order. Though defendant's children are not the alleged victims of the misdemeanor charged here, two separate individuals told police that defendant had made threats against the lives of her four children. Most importantly, upon arriving at the scene the defendant's mother told police that her daughter had threatened to "slash each one of her kid's throats, call the police and have them shoot her." Section 7554(a)(2)(B) allows a trial court judge to impose a condition on the associations of defendant when such a limitation is required to protect the public safety. These associations are not confined to the alleged victims of a charged crime, and this condition can be imposed whenever the trial judge determines it is necessary to "reasonably assure protection of the public." Id. § 7554(a)(2). The no-contact condition imposed here is supported by the record below and, given

2

the gravity of the threats defendant made against her four children, we find that the trial court correctly declined to strike it.

Affirmed.

FOR THE COURT:

_____

John A. Dooley, Associate Justice